2    **WO**

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                      **FOR THE DISTRICT OF ARIZONA**

8

9    Gary Louis Barocsi,                              )    No. CV 11-1582-PHX-DGC (MEA)
                                                      )
10                       Petitioner,                  )    **ORDER**
                                                      )
11   vs.                                              )
                                                      )
12   Joseph M. Arpaio, et al.,                        )
                                                      )
13                       Respondents.                 )
                                                      )

14

15          On August 11, 2011, Petitioner Gary Louis Barocsi, who is confined in the Maricopa

16   County Lower Buckeye Jail, filed a *pro se* Petition under 28 U.S.C. § 2254 for a Writ of

17   Habeas Corpus by a Person in State Custody (Doc. 1) and paid the filing fee.  For multiple

18   reasons, this case will be dismissed without prejudice.

19   **I.     Relief Unavailable under 28 U.S.C. § 2254**

20          Petitioner is a pretrial detainee.  His case, Maricopa County Superior Court case

21   #CR2010-131274-001 DT, is still ongoing.[1]  Relief is therefore unavailable pursuant to 28

22   U.S.C. § 2254, which requires that a person be in custody pursuant to a **judgment** of a State

23   court.

24   . . . .

25   . . . .

26

27   _____

28          [1]Petitioner is scheduled to be sentenced on September 8, 2011.  See
     http://www.courtminutes.maricopa.gov/docs/Criminal/082011/m4829223.pdf

1   **II.     Relief Unavailable under 28 U.S.C. § 2241 – Failure to Exhaust State Remedies**

2            Section 2241, 28 U.S.C., provides an avenue for habeas corpus relief for a pretrial

3   detainee in custody in violation of the Constitution or laws and treaties of the United States.

4   "As an exercise of judicial restraint, however, federal courts elect not to entertain habeas

5   corpus challenges to state court proceedings until habeas petitioners have exhausted state

6   avenues for raising [a] federal claim." Carden v. Montana, 626 F.2d 82, 83 (9th Cir. 1980).

7   Petitioner has not exhausted his state remedies before bringing this habeas corpus action.

8   **III.    Younger Abstention**

9            The abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), prevents

10  a federal court in most circumstances from directly interfering with ongoing criminal

11  proceedings in state court.  Absent special circumstances, such as "proven harassment or

12  prosecutions undertaken by state officials in bad faith without hope of obtaining a valid

13  conviction and perhaps in other extraordinary circumstances where irreparable injury can be

14  shown," a federal court will not entertain a pretrial habeas corpus petition. Carden, 626 F.2d

15  at 84 (quoting Perez v. Ledesma, 401 U.S. 82, 85 (1971)).  "[O]nly in the most unusual

16  circumstances is a defendant entitled to have federal interposition by way of injunction or

17  habeas corpus until after the jury comes in, judgment has been appealed from and the case

18  concluded in the state courts." Id. at 83-84 (quoting Drury v. Cox, 457 F.2d 764, 764-65 (9th

19  Cir. 1972)).

20           Petitioner has failed to show special or extraordinary circumstances indicating that he

21  will suffer irreparable harm if this Court abstains from hearing his claims until after he has

22  a chance to present his claims to the state courts. See Younger, 401 U.S. at 45-46; Carden,

23  626 F.2d at 83-84.  This Court, therefore, will abstain from interfering in Petitioner's ongoing

24  state-court criminal proceedings.

25  **IV.     Dismissal Without Prejudice**

26           The § 2254 Petition and this action will be dismissed without prejudice.  Petitioner

27  may file another petition in a new habeas corpus action after all state criminal proceedings

28  are completed and available state judicial remedies are exhausted. See Swoopes v. Sublett,

196 F.3d 1008, 1010 (9th Cir. 1999) ("[E]xcept in habeas petitions in life-sentence or capital cases, claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.").

**IT IS ORDERED** that Petitioner's § 2254 Petition (Doc. 1) and this action are **dismissed without prejudice**, and the Clerk of Court **must enter** judgment accordingly.

DATED this 25th day of August, 2011.

_David G. Campbell_
_____
David G. Campbell
United States District Judge